UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WILLIAM D. NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-2170 |
| | ) | |
| TRINA PEED, et al., | ) | |
| Defendants. | ) | |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Danville Correctional Center, pursues claims arising from events during his incarceration in Graham Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**LEGAL STANDARD**

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for

1

this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56). However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

On July 8, 2011, Defendant Compton, a new librarian at Graham Correctional Center, confiscated Plaintiff's legal work and the legal work Plaintiff was doing for another inmates. Defendant Lutz, a correctional officer, confiscated more legal work from Plaintiff's cell later that day. Defendants Peed, Ussery, and Compton refused to allow Plaintiff the library time or case copies he needed to successfully pursue his postconviction petition. As a result of all these adverse actions, Plaintiff allegedly lost his post-conviction petition.

Defendants Peed, Ussery, Compton, and Lutz also allegedly retaliated against Plaintiff for his grievances and complaints by engaging in a pattern of harassment which included false disciplinary reports, shake downs, and denial of photocopies.

Defendant Ussery allegedly wrote a false disciplinary ticket on July 23, 2010, accusing Plaintiff of insolent and intimidating behavior. Plaintiff allegedly was denied the right to call witnesses who would have exonerated him. Plaintiff was found guilty by Defendants Teverbaugh and Williams and ultimately received punishment of one month C grade, eight days segregation, and one month commissary restriction. Defendant Ott concurred in the findings.

On July 8, 2011, Defendant Lutz wrote Plaintiff an allegedly false disciplinary report based on items purportedly confiscated during a shake down of

Plaintiff's cell.  Defendants Clayton and Wright found Plaintiff guilty, and Plaintiff received punishment which included the revocation of six months of good conduct credit.  Defendant Ott signed off on the findings.

Defendant Compton wrote a ticket against Plaintiff on July 8, 2011 for possessing another inmate's legal work.  Defendants Wright and Clayton found Plaintiff guilty.  As punishment, Plaintiff received a disciplinary transfer, one month C grade, one month segregation, and one month yard restriction.  Defendant Ott signed off on the findings.  Defendant Taylor (former IDOC Director) signed off on the denial of Plaintiff's grievances about these matters.

Plaintiff alleges that he was not allowed to call witnesses or present exonerating evidence at any of the disciplinary hearings.

## ANALYSIS

Plaintiff states a First Amendment claim for denial of access to the courts against Defendants Peed, Ussery, Compton, and Lutz.  Plaintiff alleges that these defendants caused him to lose his postconviction petition, though the details are vague.  See In re Maxy, 674 F.3d 658, 660 (7th Cir. 2012)("prisons . . . may not impinge on a prisoner's efforts to pursue a legal claim attacking, as relevant here, his criminal judgment.").  This claim is likely barred by Heck v. Humphrey, 512 U.S. 477 (1994), but that determination is premature.  See Hoard v. Reddy, 175

F.3d 531 (7th Cir. 1999)(claim alleging denial of state court access to challenge conviction was barred by Heck v. Humphrey until the conviction was invalidated through other means).

Plaintiff also states a First Amendment retaliation claim against Defendants Peed, Ussery, Compton, and Lutz, for allegedly engaging in a pattern of harassment to retaliate against Plaintiff for his complaints and grievances. DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 2000)("[A] prison official may not retaliate against a prisoner because that prisoner filed a grievance.").

However, no plausible inference arises against the other Defendants that they were personally involved in these violations. Failure to rule in Plaintiff's favor on his grievance does not alone allow an inference of personal responsibility for the unconstitutional acts of others. George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); *see also* Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983).

Plaintiff's procedural due process claims cannot proceed. Deprivations such as temporary segregation, disciplinary transfer, grade demotion, yard restrictions, and commissary restrictions are not "atypical and significant" enough to trigger

procedural due process protections. Sandin v. Conner, 515 U.S. 472, 484 (1995)(procedural due process claim by inmate requires an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."); Thomas v. Ramos, 130 F.3d 754, 760, 762 n. 8 (7th Cir. 1997)(70-day disciplinary segregation, demotion to C grade, and loss of commissary, did not trigger procedural due process protections); Shango v. Jurich, 681 F.2d 1091, 1098 (7th Cir. 1982)(prisoner has no protected liberty interest in remaining in a certain prison).

      Plaintiff did lose good conduct credit on the ticket written by Lutz; earned good time credit is a protected liberty interest. However, Plaintiff's procedural due process claim necessarily implies that his good time should be restored, which would shorten his incarceration. Challenges to the length of incarceration can proceed in federal court only as a habeas corpus action, unless Plaintiff's good time is restored through other routes. Thus, Plaintiff's procedural due process challenges to this ticket are barred. Edwards v. Balisok, 520 U.S. 641, 648 (1997)(claims which "necessarily imply the invalidity of the deprivation of . . . [an inmate's] good-time credits" are not cognizable under 42 U.S.C. § 1983 until the prison disciplinary decision has otherwise been invalidated, for example by expungement, a state court order, or a writ of habeas corpus). This rule originated

with the Supreme Court case <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), which held that a 42 U.S.C. § 1983 claim that implicates the invalidity of a conviction cannot proceed until that conviction has been overturned or otherwise invalidated.

Though Plaintiff states no procedural due process claims arising from the discipline tickets, he does make out an arguable First Amendment claim with regard to the punishment he received on Defendant Compton's ticket for possessing another inmate's legal work. Plaintiff asserts that he had these papers because he was trying to help an inmate with his case. Inmates retain their First Amendment rights to the extent consistent with legitimate penological interests. *See* <u>Shaw v. Murphy</u>, 532 U.S. 223, 226, 121 S. Ct. 1475, 1479 (2001). This claim will proceed against the defendant who wrote the ticket and the defendants who punished Plaintiff—Compton, Wright, Clayton, and Ott.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following federal constitutional claims: 1) Defendants Peed, Ussery, Compton, and Lutz denied Plaintiff's access to the courts and retaliated against Plaintiff for exercising his First Amendment rights; and, 2) Defendants Compton, Wright, Clayton, and Ott violated Plaintiff's First Amendment rights by disciplining him for possessing other inmates' legal work.

2) Claims other than those set forth in paragraph (1) above are dismissed for the reasons set forth above.  Defendants Teverbaugh, Williams, and Ott are dismissed.

3) This case proceeds solely on the claims identified in paragraph (1) above. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

4) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

5)  If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to serve that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for serving said Defendant.  Documentation of forwarding addresses shall be retained only by

the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and Plaintiff shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

9) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9) This cause is set for further scheduling procedures under Fed. R. Civ. P.

16 on November 13, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ will issue for Plaintiff's presence unless directed by the Court.

    10) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

    11) Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED: September 20, 2012

FOR THE COURT:

                                            **s/Sue E. Myerscough**
                                            SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE